E-FILED
Friday, 31 August, 2012  01:18:34 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

|  |  |  |
|---|---|---|
| RANDY HUGHES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3065 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Motion to Dismiss [d/e 8], filed by Respondent United States of America, is allowed for the following reasons.

I.

A.

On June 15, 2006, Petitioner Randy Hughes sold 0.3 grams of cocaine to a confidential source and an undercover agent. On June 16, 2006, Hughes sold 6.2 grams of crack cocaine to the same pair.

On March 18, 2009, a grand jury in the Central District of Illinois returned a single count indictment, alleging that Hughes distributed five

1

or more grams of crack cocaine.  On April 27, 2009, Hughes pled guilty

pursuant to a plea agreement.

In the plea agreement in his criminal case, Hughes waived his right

to appeal the conviction and sentence, and the right to collaterally attack

the conviction or sentence.  *See* Plea Agreement [d/e 11], ¶¶ 9-10, in

Case No. 09-cr-30028.  The collateral attack waiver states the following:

> The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the

defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

*See id.* at ¶ 10.

On September 14, 2009, Judge Jeanne E. Scott sentenced Hughes to 71 months imprisonment and five years of supervised release, and the written judgment was entered the following day.[1]

## B.

On March 8, 2011, Hughes filed his Petition for Writ of Habeas Corpus [d/e 1] in the instant case. The Petition was filed pursuant to 28 U.S.C. § 2241, and Hughes named the Attorney General and his warden as respondents. The Court transferred the action to the U.S. District Court for the Eastern District of North Carolina—the district where Hughes was confined—because, under Seventh Circuit precedent, only the district of confinement has jurisdiction over a § 2241 action. *See*

---

[1] On November 2, 2011, Judge Sue E. Myerscough allowed an agreed motion to reduce sentence in Hughes' criminal case, reducing his sentence to forty-one months imprisonment. According to the Bureau of Prisons Inmate Locator Service, Hughes was released from custody on March 16, 2012. *See* Inmate Locator, http:// www. bop. gov/ iloc 2/ Locate Inmate. jsp (last visited Aug. 24, 2012). The Court takes judicial notice of this information that is available to the public. *See United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011).

Order of April 19, 2011 [d/e 3].  An Order was entered on October 31, 2011, transferring the case back to this district.  *See* Order [d/e 5].

The Court announced its intent to recharacterize the Petition as a motion under 28 U.S.C. § 2255 and provided Hughes the warnings required under *Castro v. United States*, 540 U.S. 375 (2003).  *See* Order of Dec. 5, 2011 [d/e 6]; Text Order of Dec. 9, 2011.  After Hughes failed to timely respond, the Court converted the Petition to a § 2255 filing, named the United States the Respondent, dismissed the warden and the Attorney General from the case, and ordered the United States to respond.  *See* Order of February 7, 2012 [d/e 7].

On July 13, 2012, the Government filed a Motion to Dismiss [d/e 8], alleging that the § 2255 action is untimely and that it is barred by Hughes' waiver of collateral attack rights in the plea agreement.

On July 17, 2012, the Court noted that the Hughes had been released from the Bureau of Prisons, but had not updated his address. *See* Text Order of July 17, 2012.  The Court extended the time to respond to the Motion to Dismiss, and directed that a copy of the Motion be sent to his address on file with the Probation Office.  *See id.*

4

Hughes has failed to submit a timely response.

II.

The U.S. Court of Appeals for the Seventh Circuit has repeatedly held that a proper waiver of the right to collaterally attack a sentence under 28 U.S.C. § 2255 will be enforced.  *See Roberts v. United States*, 429 F.3d 723, 724 (7th Cir. 2005) (dismissing a § 2255 appeal on the basis of waiver while noting that the court has "never been reluctant to hold criminal defendants to their promises"); *Bridgeman v. United States*, 229 F.3d 589, 591 (7th Cir. 2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable"); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000).

There are only two exceptions to the enforceability of such a waiver: (1) if it was involuntary, or (2) if there is a claim of ineffective assistance of counsel in connection with the negotiation of the waiver. *See Mason*, 211 F.3d at 1069.  Any claim must tie directly to the negotiation of the waiver, not merely to the plea agreement generally, or to the decision to plead guilty.  *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("we reiterate that waivers are enforceable as

5

a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

After carefully reviewing the record in the Hughes' criminal case, the Court concludes that there is no legitimate reason to suspect that the Hughes' waiver of his collateral attack rights was either involuntary or the result of ineffective assistance of counsel.

In the plea agreement, Hughes stated that he was entering into the plea agreement voluntarily and that he was satisfied with the legal services provided by counsel.  *See* Plea Agreement [d/e 11], ¶¶ 10, 23, in Case No. 09-cr-30028.

In light of the foregoing, and in the absence of any response to the Government's Motion to Dismiss, the Court concludes that dismissal is warranted.

III.

In any event, the Motion is untimely.  There are strict time limits

for filing a § 2255 motion:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judgment was entered on September 15, 2009.  At that time, a

defendant had only ten days to file a notice of appeal.  *See* Federal Rule

of Appellate Procedure 4(b)(1)(A) (time was extended to fourteen days,

effective Dec. 1, 2009).

7

Hughes did not file a notice of appeal.  Accordingly, his judgment became final after his ten-day window to appeal expired.  *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *cf. Clay v. United States*, 537 U.S. 522, 527 (2003).

Hughes initiated this action more than a year later—on March 8, 2011.  None of the other exceptions seem to apply.  Therefore, the Motion is time-barred.

## IV.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing Section 2255 Proceedings.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quotation marks omitted).

Reasonable jurists would not dispute that this action is barred by the waiver contained in the plea agreement, or that it is untimely. Accordingly, the Court will not issue a certificate of appealability. If the Hughes wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

IV.

*Ergo*, the Government's Motion to Dismiss [d/e8] is ALLOWED. The Petitioner's Motion to Vacate, Set Aside or Correct Sentence [d/e 1] is DISMISSED.

The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

ENTER: August 30, 2012

FOR THE COURT:                    */s/ Richard Mills*
                                  Richard Mills
                                  United States District Judge